IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
|     *Plaintiff*, § | |
| § | |
| v. § | |
| § | |
| ROD RIORDAN INC., D/B/A E-POWER; § | |
| SHENANDOAH BAR M RANCH; § | No. MO:17-CV-071-DC |
| RODNEY RIORDAN, SR.; RODNEY § | |
| RIORDAN, JR.; KALI RIORDAN; § | |
| YVONNE RIORDAN; R. O. POMROY § | |
| EQUIPMENT RENTAL, INC., D/B/A § | |
| ROPER, INC.; and MIDLAND CENTRAL § | |
| APPRAISAL DISTRICT, § | |
|     *Defendants*. § | |

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

BEFORE THE COURT is Plaintiff United States of America's Motion for Default Judgment and Supporting Brief. (Doc. 41). Plaintiff seeks entry of a default judgment against Defendants Rod Riordan, Inc. d/b/a E-Power (Rod Riordan, Inc.); Rodney Riordan, Sr.; Rodney Riordan, Jr.; Kali Riordan; and Yvonne Riordan due to their failure to answer or otherwise respond to Plaintiff's Complaint. *Id*. After due consideration, the Court **GRANTS** Plaintiff's Motion for Default Judgment. (Doc. 54).

### I. BACKGROUND

On November 8, 2011, Rod Riordan, Inc. purchased the real property located at 4701 E. County Road 45, Midland, Texas 79705 (Subject Property) from Shenandoah Bar M Ranch LLC, more fully described as:

> BEING a 20.00 acre tract out of Section 16, Block 38, T-1-S, T. & P. RR. Co. Survey, Midland County, Texas, described by metes and bounds as follows:

> BEGINNING at a line created from a ½" iron rod found for the SE corner of Section 9 and a 1" iron pipe found for the NE corner of Section 21 from which the SE corner of Section 9 bears N. 15° 29' 16" W. a distance of 1906.46 feet;
>
> THENCE S. 15° 35' 00" E. 776.48 feet along said line to a ½" iron rod with cap set for the SE corner of this tract;
>
> THENCE S. 73° 56' 08" W. 1124.49 feet along the centerline of a 15 foot dirt road to a ½" iron rod with cap set for the SW corner of this tract;
>
> THENCE N. 15° 07' 37" W. 776.54 feet along the centerline of a 12 foot dirt road to a ½" iron rod with cap set for the NW corner of this tract;
>
> THENCE N. 73° 56' 08" E. 1119.60 feet to the PLACE OF BEGINNING.

(Doc. 41 at 4–5).

Beginning on April 23, 2012, a delegate of the Secretary of the Treasury assessed against, and gave notice and demand to, Rod Riordan, Inc. for various unpaid federal employment taxes, unemployment taxes, and a Civil Penalty resulting from various tax periods. (Docs. 42-1–42-9). As a result of these tax liabilities, the Internal Revenue Service (IRS) recorded Notices of Federal Tax Lien against Rod Riordan, Inc. in the real property records of Midland County, Texas on April 29, 2013, June 11, 2013, April 7, 2014, July 28, 2014, and March 16, 2015. (Docs. 42-10–42-15). Despite notice of and demand for payment, Rod Riordan, Inc. failed to pay the federal tax liabilities which, by May 30, 2018, will total $1,154,970.44. (Doc. 41 at 4).

On April 11, 2017, Plaintiff filed this action against Rod Riordan, Inc. as well as several parties Plaintiff believed might claim an interest in the Subject Property: Rodney Riordan, Sr., Rodney Riordan, Jr., Kali Riordan, Yvonne Riordan, Shenandoah Bar M Ranch, R.O. Pomroy Equipment Rental, Inc., d/b/a Roper Inc. (R.O. Pomroy), and the Midland County Tax Assessor-Collector. (Doc. 1). In its Complaint, Plaintiff seeks to: (1) reduce to judgment the outstanding

federal tax assessments against Rod Riordan, Inc.; (2) foreclose the federal tax liens against the Subject Property; and (3) sell the Subject Property and distribute the proceeds from such sale in accordance with the Court's findings as to the validity and priority of the liens and claims of all parties. *Id*.

The Midland Central Appraisal District (MCAD) filed its Answer on April 25, 2017.[1] (Doc. 12). In its Answer, MCAD asserts—and Plaintiff agrees—any ad valorem tax liens on the Subject Property in favor of MCAD or its constituent taxing units are superior to any lien of the United States, pursuant to 26 U.S.C. § 6323(b)(6). (Doc. 41 at 5).

On May 26, 2017, R.O. Pomroy filed its Answer, explaining it obtained a judgment against Rod Riordan, Jr., individually and d/b/a E-Power, on May 19, 2014, and filed an abstract of said judgment on May 30, 2014. (Doc. 28). However, R.O. Pomroy admitted that, in regard to the Subject Property, "its lien would be inferior to the liens claimed by the Plaintiff, which were recorded prior to the filing of Defendant's abstract of judgment." *Id*. at 2.

After the IRS recorded its Notices of Federal Tax Lien on the Subject Property and without conducting a title search, Shenandoah Bar M Ranch purchased the Subject Property for $300,000. *Id*. at 5. On August 21, 2017, Plaintiff and Shenandoah Bar M Ranch filed a Joint Stipulation with the Court. (Doc. 35). In the Joint Stipulation, Shenandoah Bar M Ranch agrees to settle its claim to the property in exchange for a payment of $33,654.81 from the proceeds of the sale of the Subject Property as reimbursement for paid delinquent property taxes. *Id*.

Summonses issued to each of the remaining Defendants were returned executed on May 1, 2017. (Docs. 16–20). None of the Defendants answered or otherwise appeared and Plaintiff filed its Motion for Entry of Default Against Defendants Rod Riordan, Inc., d/b/a E-Power;

---

[1] Defendant incorrectly identified the Midland Central Appraisal District as "Midland County Tax Assessor-Collector." (Doc. 12 at 2–3).

Rodney Riordan Sr.; Rodney Riordan Jr.; Kali Riordan; and Yvonne Riordan on May 25, 2017. (Doc. 25). The Clerk entered default against the Defendants the same day. (Doc. 27). On April 26, 2018, Plaintiff filed the instant Motion for Default Judgment against Defendants along with an Affidavit in Support, which contains the Declaration of Revenue Officer B. Wesley Glass and various documents supporting Plaintiff's claims. (Docs. 41, 42). Plaintiff's Default Judgment against Defendants is the final pending issue in this matter. (Doc. 41 at 2).

## II. LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure authorizes the Court to enter a default judgment against a defendant who fails to plead or otherwise defend upon motion of the plaintiff. Fed. R. Civ. P. 55(b). "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Savs. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). In addition, "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, the district court "has the discretion to decline to enter a default judgment." *Lindsey v. Prive Corp*., 161 F.3d 886, 893 (5th Cir. 1998).

Courts developed a three-part test to determine when to enter a default judgment. First, the court considers whether the entry of default judgment is procedurally warranted. *Nasufi v. King Cable Inc.*, 2017 WL 6497762, * 1 (N. D. Tex. 2017) (citing *Lindsey v. Prive Corp*., 161 F.3d 886, 893 (5th Cir. 1998). The factors relevant to this inquiry include:

> (1) whether material issues of fact exist; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp*., 161 F.3d 886, 893 (5th Cir. 1998).

Second, the court assesses the substantive merits of the plaintiff's claims to determine whether there is a sufficient basis in the pleadings for the judgment. *See Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). In doing so, courts assume that, due to its default, the defendant admits all well-pleaded facts in the plaintiff's complaint. *Id*.

Third, the court determines what form of relief, if any, the plaintiff should receive in the case. *Id*. Normally, damages are not to be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). However, if the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

### III. DISCUSSION

Applying the three-part analysis detailed above, the Court concludes that Plaintiff is entitled to a default judgment against Defendants.

**A. Default Judgment Is Procedurally Warranted.**

After reviewing Plaintiff's Motion in light of the six *Lindsey* factors, the Court determines that default judgment is procedurally warranted. First, Defendants have not filed any responsive pleadings. Consequently, there are no material facts in dispute. *Lindsey*, 161 F.3d at 893; *Nishimatsu Constr*., 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."). Second, Plaintiff's claims only remain unresolved as to the Defendants. (Doc. 41 at 2). Thus, the Defendants' respective failures to respond threaten to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests. *Lindsey*, 161 F.3d at 893. Third, the grounds for default are "clearly established" since Defendants did not respond to the summonses and complaint, the entry of default, or the Motion

for Default Judgment. *See J.D. Holdings, LLC v. BD Ventures, LLC*, 766 F. Supp. 2d 109, 113 (D.D.C. 2011) (finding that default judgment is appropriate if defendants are totally unresponsive and the failure to respond is plainly willful, as reflected by the parties' failure to respond either to the summons and complaint, the entry of default, or the motion for default judgment). Fourth, there is no evidence before the Court to indicate that Defendants' silence is the result of a "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893. Fifth, Defendants have had more than a year to respond to Plaintiff's claims and—at least in the case of Rod Riordan, Inc.—even longer notice of the underlying, tax-liability issues in this matter. Therefore, any purported harshness of a default judgment is mitigated by the Defendants' inaction for this protracted period. *Tex. Guaranteed Student Loan Corp. v. Worldwide Language & Commc'n, LLC*, No. SA-13-CA-714-DAE, 2014 WL 12661993, at *2 (W.D. Tex. Jan. 28, 2014), *report and recommendation adopted*, No. SA-13-CV-714-DAE, 2014 WL 12661892 (W.D. Tex. Feb. 10, 2014). Finally, the Court is not aware of any facts that give rise to "good cause" to set aside the default if challenged by Defendants. *Lindsey*, 161 F.3d at 893. Therefore, the Court concludes that default judgment is procedurally warranted.

**B. Default Judgment Is Substantively Warranted.**

In light of the entry of default, Defendants are deemed to have admitted the allegations set forth in the Complaint. *Nishimatsu Constr.*, 515 F.2d at 1206. Nonetheless, the Court must review the pleadings to determine whether they provide a sufficient basis for Plaintiff's claim for relief. *Id*. In conducting this analysis, the United States Court of Appeals for the Fifth Circuit looks to the Rule 8 case law for guidance:

> Rule 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this requirement is "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it

> rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (footnote and citations omitted). "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015).

First, Plaintiff named Defendants Rodney Riordan, Sr., Rodney Riordan, Jr., Kali Riordan, and Yvonne Riordan, anticipating they might claim an interest in the Subject Property. (Doc. 1). However, these individuals did not appear or otherwise respond in this matter, let alone provide evidence of any interest they might possess in the Subject Property. Accordingly, the Court finds default judgment is substantively warranted as to these Defendants.

Next, the Court must determine if default judgment is substantively warranted in regard to Rod Riordan, Inc. The Internal Revenue Code provides, in pertinent part:

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

26 U.S.C. § 6321. Plaintiff's Complaint states that the Secretary of the Treasury assessed certain unpaid federal taxes against Rod Riordan, Inc. (Doc. 1). The Complaint also includes the table below, which outlines for each alleged tax liability the specific type of tax, tax period, date of assessment, and the amount due through the date of filing:

| TYPE OF TAX | TAX PERIOD | DATE OF ASSESSMENT | AMOUNT DUE THROUGH 04/03/2017 |
|---|---|---|---|
| Employment (Form 941) | 12/31/2011 | 06/25/2012 | 32,346.58 |
| Employment (Form 941) | 03/31/2012 | 11/19/2012 | 116,555.95 |
| Employment (Form 941) | 06/30/2012 | 11/19/2012 | 195,749.02 |
| Employment (Form 941) | 09/30/2012 | 03/11/2013 | 175,246.83 |
| Employment (Form 941) | 12/31/2012 | 04/01/2013 | 135,266.98 |
| Employment (Form 941) | 03/31/2013 | 08/12/2013 | 2,661.50 |
| Unemployment (Form 940) | 12/31/2011 | 04/23/2012 | 11,040.76 |
| Unemployment (Form 940) | 12/31/2012 | 5/13/2013 | 326.95 |
| Civil Penalty (26 U.S.C. § 6721) | 12/31/2011 | 01/12/2015 | 139,069.08 |
| | | **TOTAL** | **808,263.65** |

*Id*. The Complaint further alleges that "[p]roper notices of and demands for payment of the assessments, referred to above, were mailed to Rod Riordan Incorporated on or about the dates of the assessments. Despite notice and demand for payment of the federal tax liabilities described above, Rod Riordan Incorporated has failed to pay the federal tax liabilities listed in the [table]." (Doc. 1 at 3–4).

The Court finds Plaintiff's Complaint contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. Thus, the Complaint provided

Rod Riordan, Inc. fair notice of Plaintiff's claim of outstanding tax liability and the grounds upon which it rests. *Twombly*, 550 U.S. at 555. Accordingly, default judgment is substantively warranted as to Rod Riordan, Inc.

    **C. Affidavits Establish Necessary Facts for Relief.**

Finally, having determined that default judgment is warranted as to the Defendants, the Court must determine what form of relief, if any, Plaintiff should receive. *See Nishimatsu Constr. Co., Ltd.,* 515 F.2d at 1206. Defendant seeks to: (1) reduce to judgment the outstanding federal tax assessments against Rod Riordan, Inc., (2) foreclose the federal tax liens against the Subject Property; and (3) sell the Subject Property and distribute the proceeds in accordance with the Court's findings. (Doc. 41 at 2–3). Title 26 United States Code § 7403 provides:

> In any case where there has been a refusal or neglect to pay any tax, or to discharge any liability in respect thereof, whether or not levy has been made, the Attorney General or his delegate, at the request of the Secretary, may direct a civil action to be filed in a district court of the United States to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability.

The United States Court of Appeals for the Fifth Circuit has held Form 4340 Certificates of Assessments and Payments are presumptive proof of a valid assessment and prima facie evidence of tax liabilities. *See United States v. McCallum*, 970 F.2d 66, 71 (5th Cir. 1992).

As noted above, Plaintiff provided the Court with the Form 4340's sent to Rod Riordan, Inc. with respect to each alleged tax liability. (Docs. 42-1–42-9). Plaintiff attached the Forms to the Declaration of Revenue Officer B. Wesley Glass, who attested to each as a "true and correct copy of the Form 4340, Certification of Assessments, Payments and Other Specified Matters for Rod Riordan, Inc." *Id.* at 2–3. Since Plaintiff provided these Forms, and there is no evidence to

9

the contrary, the assessment of Rod Riordan, Inc.'s tax liability is presumptively correct. *McCallum*, 970 F.2d at 71. Accordingly, the Court finds Plaintiff is entitled to a judgment against Rod Riordan, Inc. for the asserted tax liabilities.

Officer Glass, a commissioned Revenue Officer in the Small Business/Self-Employed Division of the IRS, also attests to the validity of the Payoff Calculator, which provides "a breakdown of the taxes, penalties and interest owed by Rod Riordan Inc. for each federal tax liability through April 30, 2018, and May 30, 2018." (Doc. 42 at 1–2). According to those calculations, Rod Riordan, Inc.'s total federal tax liability through May 30, 2018, is $1,158,970.44. (Doc. 42-17). Additionally, Plaintiff is entitled to interest based on the rates established in 26 U.S.C. §§ 6601 and 6621, which provide, in pertinent part

> If any amount of tax imposed by this title . . . is not paid on or before the last date prescribed for payment, interest on such amount at the underpayment rate established under section 6621 shall be paid for the period from such last date to the date paid.

26 U.S.C. § 6601. Thus, the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents and Plaintiff is entitled to the relief requested: $1,158,970.44 in total federal tax liability plus interest. *See James,* 6 F.3d 307 at 310.

Further, pursuant to 26 U.S.C. §§ 6321–6323, Plaintiff has valid and enforceable tax liens against Rod Riordan, Inc. for the aforementioned tax liabilities which attached to the Subject Property. The 26 U.S.C. § 6321 lien, created in favor of Plaintiff upon all Rod Riordan, Inc.'s property and rights to property, attached on the date of assessment associated with each tax liability as listed in the table above. 26 U.S.C. § 6322. Plaintiff then recorded its Notices of Federal Tax Liens pursuant to 26 U.S.C. § 6323, establishing the liens validity and priority. (Docs. 42-10–42-15). Accordingly, the Court finds Plaintiff may foreclose and sell the Subject

Property and—subject to the money owed to Shenandoah Bar M Ranch and MCAD—apply the proceeds of the sale in partial satisfaction of Rod Riordan, Inc.'s tax liabilities.

## IV.   CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion for Default Judgment against Defendants Rod Riordan, Inc. d/b/a E-Power; Rodney Riordan, Sr.; Rodney Riordan, Jr.; Kali Riordan; and Yvonne Riordan. (Doc. 41). The Court finds Defendants Rodney Riordan, Sr.; Rodney Riordan, Jr.; Kali Riordan; and Yvonne Riordan have no interest in the Subject Property. Further, the United States presented prima facie proof of Rod Riordan, Inc. d/b/a E-Power's tax liabilities and, pursuant to 26 U.S.C. §§ 6321–6323, has a valid, enforceable tax lien against the Subject Property.

Accordingly, the Court finds the United States is entitled to a judgment against Rod Riordan, Inc. d/b/a E-Power in the amount of $1,158,970.44, plus interest and statutory additions after May 30, 2018. Thus, consistent with 26 U.S.C. § 7403, the United States is entitled to foreclose its federal tax lien against the property located at 4701 E. County Road 45, Midland, Texas 79705, and more fully described as:

> BEING a 20.00 acre tract out of Section 16, Block 38, T-1-S, T. & P. RR. Co. Survey, Midland County, Texas, described by metes and bounds as follows:
>
> BEGINNING at a line created from a ½" iron rod found for the SE corner of Section 9 and a 1" iron pipe found for the NE corner of Section 21 from which the SE corner of Section 9 bears N. 15° 29' 16" W. a distance of 1906.46 feet;
>
> THENCE S. 15° 35' 00" E. 776.48 feet along said line to a ½" iron rod with cap set for the SE corner of this tract;
>
> THENCE S. 73° 56' 08" W. 1124.49 feet along the centerline of a 15 foot dirt road to a ½" iron rod with cap set for the SW corner of this tract;

THENCE N. 15° 07' 37" W. 776.54 feet along the centerline of a 12 foot dirt road to a ½" iron rod with cap set for the NW corner of this tract;

THENCE N. 73° 56' 08" E. 1119.60 feet to the PLACE OF BEGINNING.

Consistent with this Order, the United States **SHALL** sell the Subject Property and distribute the proceeds of the sale consistent with the following priorities:

1) to the costs of sale;

2) to any outstanding ad valorem tax liens on the Subject Property in favor of Midland Central Appraisal District or its constituent taxing units pursuant to 26 U.S.C. § 6323(b)(6);

3) to Shenandoah Bar M Ranch as reimbursement for paid, delinquent property taxes in the amount of $33,654.81, in satisfaction of the parties' Joint Stipulation (Doc. 35); and

4) to the United States' federal tax claim.

Finally, the Court the United States **SHALL** submit an Order of Sale of the Subject Property for Court approval within **FOURTEEN DAYS (14 Days)** of the entry of the Final Judgment in this matter.

It is so **ORDERED.**

**SIGNED this 25th day of May, 2018.**

_____
**DAVID COUNTS**
**UNITED STATES DISTRICT JUDGE**